**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ROBERT JACKSON,

    Plaintiff,

vs.

DAVID STEVENS, et al.,

    Defendants.

Case No. 1:25-cv-209

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On April 3, 2025, Plaintiff, proceeding pro se, filed the complaint and paid the requisite filing fee in the above captioned case. For the reasons that follow, the undersigned now recommends that this case be DISMISSED sua sponte for lack of subject matter jurisdiction, or alternatively, for failure to state any claim.

**I. Background**

Many pro se litigants seek to file their complaints in forma pauperis, or without payment of a filing fee. In such cases, Congress has authorized Courts to conduct an initial evaluation of the complaint prior to authorizing service on any defendant. See 28 U.S.C. § 1915(e). Because Plaintiff paid the full filing fee, his complaint is not subject to statutory sua sponte screening under § 1915(e).[1] Nevertheless, this Court retains the authority to dismiss frivolous lawsuits under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Moreover, a federal court has the obligation to dismiss a lawsuit at any time that it determines it is without subject matter jurisdiction.

---

[1] Plaintiff filed a motion for leave to proceed *in forma pauperis* **after** he paid the filing fee. Plaintiff's motion will be addressed by a separate order.

1

A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." E*rickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also Hill, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqba*l and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (*citing Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombl*y, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson, 551 and U.S. at 93 (citations omitted).

Here, Plaintiff brings this action against the First District Appellate Court of Appeals, Joseph Deters, State of Ohio, David Stevens, The Cincinnati Police Law Enforcement Officers, The Hamilton County Prosecutors Office and The United States Government. Plaintiff asserts federal and state civil rights claims against defendants and asks the Court to delete his prior offenses and convictions. (Doc. 1 at 4). For relief, Plaintiff seeks "0.5M 4hundred thousand dollars." Id. Attached to his complaint are documents and pleadings related to his state court appeal, See *State of Ohio v. Jackson*, Case No. C181060, as well as his Hamilton County Juvenile Court record. (Doc. 1 at 15-19).

## II. Plaintiff's Complaint Should be Dismissed

Upon careful review, the undersigned finds that Plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court. Plaintiff fails to include any supporting factual allegations that would allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Bell Atlantic Corp.* v. *Twombly*, 550 U. S. 544, 556 (2007)). Notably, other than the caption, Plaintiff does not include any allegations relating to the named defendants.

To the extent that plaintiff seeks money damages for alleged constitutional violations stemming from his criminal conviction, his § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). A judgment in plaintiff's favor on any claim stemming from the state criminal proceedings against him would necessarily imply that his conviction and resulting imprisonment are invalid. *See id.*, 512 U.S. at 487. Because

Plaintiff has not alleged facts indicating that his conviction and resulting confinement have been invalidated by a federal or state court or other appropriate tribunal, he may not proceed with such a claim for damages in this § 1983 action.

Plaintiff's complaint is also time-barred. A civil rights action under 42 U.S.C. § 1983 is governed by Ohio's two-year statute of limitations applicable to personal injury claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *see also Ewing v. O'Brien*, 115 F. App'x 780, 783 (6th Cir. 2004) ("Section 1983 claims brought in federal court in Ohio are subject to the two-year statute of limitations period set forth in Ohio Rev. Code § 2305.11."); *Huffer v. Bogen*, No. 1:10-cv-312, 2011 WL 5037209, at *12 (S.D. Ohio Oct. 24, 2011) (and authorities cited therein) ("With respect to alleged violation[s] of 42 U.S.C. § 1983, such claims are governed by Ohio's personal injury statute of limitations, which is two years."). Here, Plaintiff's allegations all concern conduct that occurred in 2018, during Plaintiff's state court criminal proceedings. Therefore, the complaint under § 1983, filed approximately seven years later, is time-barred.

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief.  It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

       s/ Stephanie K. Bowman  
Stephanie K. Bowman  
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT JACKSON, | Case No. 1:25-cv-209 |
| Plaintiff, | |
| vs. | Cole, J.<br>Bowman, M.J. |
| DAVID STEVENS, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).