UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ROBERT LEE JACKSON,**

    **Plaintiff,**

    v.

**DAVID STEVENS, et al.,**

    **Defendants.**

Case No. 1:25-cv-209

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

## OPINION AND ORDER

In her April 29, 2025, Report and Recommendation (R&R, Doc. 7, #40) Magistrate Judge Bowman recommends that the Court dismiss this action. While Jackson's complaint is not subject to screening under § 1915(e), the Magistrate Judge recommends the Court dismiss the lawsuit sua sponte for lack of subject matter jurisdiction because it is frivolous, or alternatively, for failure to state a claim. (*Id.*). Plaintiff objected. (Objs., Doc. 9). For the reasons stated more fully below, the Court **OVERRULES** Plaintiff's Objections (Doc. 9) and **ADOPTS** the R&R's conclusions, albeit for somewhat different reasons, and **DISMISSES** this matter **WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiff Robert Lee Jackson is proceeding pro se. He filed this suit on April 3, 2025, naming the United States, the State of Ohio, the Hamilton County Prosecutors Office, "Chief Prosecutors" Joseph Deters and David Stevens, the "Cincinnati Police law Enforcement Officers," and the "Appellate Court of Appeals" as defendants. (Doc. 1, #4). Jackson titles his action a "Civil Rights Lawsuit" and lists ten claims. (*Id.*). As

best the Court can tell, these claims are for: (1) unjust conviction and imprisonment, citing 28 U.S.C. § 2513; (2) defamation, citing 28 U.S.C. § 4101; (3) violation of *Miranda* rights; three related requests to delete all (4) Ohio Department of Rehabilitation and Correction (ORDC) "Penal Numbers," (5) police reports, and (6) indictment information—presumably what Jackson considers his criminal history; (7) corrupt activity, citing Ohio Revised Code § 2923.31; (8) "Altered Falsified Records Tampering," citing Ohio Revised Code §§ 2913.42, 2921.12, 5703.26, and 18 U.S.C. § 1519; (9) conspiracy, citing Ohio Revised Code § 2923.01; and (10) conspiracy (federal), citing 18 U.S.C. Ch. 19. (*Id.*). To establish subject matter jurisdiction, Jackson checked three boxes on the complaint form: 28 U.S.C. § 1343(3) (civil rights jurisdiction); 28 U.S.C. § 1331 (federal question jurisdiction); and the fill in the blank option, which he did not fill in. (*Id.* at #2). And in terms of relief, Jackson asks for money damages and makes what appears to be a request to delete his criminal record.[1] (*Id.* at #7 ("HR 4311-118th Congress (2024-2025) Entry Motion Deletions Offenses, Penal Conviction[;] 0.5 M 4hundred thousand dollars")). Aside from attaching various documents, Jackson alleges no facts regarding these claims. The attachments include (1) documents relating to his 2018 appeal of an Ohio state court "unlawful conviction felony case," (*id.* at #8–13), and (2) his Hamilton County

---

[1] The Court assumes Jackson is referring to the DELETE Act, H.R. 4311, 118th Cong. (2023) (DELETE Act), an *unenacted* federal bill "[t]o establish a centralized system to allow individuals to request the simultaneous deletion of their personal information across all data brokers, and for other purposes." This bill has also been reintroduced in the current Congress. *See* DELETE Act, H.R. 2612, 119th Cong. (2025).

2

Juvenile Court Records, marked up with handwritten comments disputing much of the listed information, (*id.* at #15–19).

The day that Jackson filed his Complaint, he also filed five other motions: a Motion for Leave to Proceed in forma pauperis (Doc. 2), a Motion for Writ of Execution (Doc. 3), a Motion for Writ of Certiorari (Doc. 4), a Motion for Entry of Judgment under Federal Rule of Civil Procedure 58 (Doc. 5), and a Motion under the DELETE Act (Doc. 6). However, despite requesting in forma pauperis status, Jackson also paid the filing fee. (Doc. 1-2, #21).

Jackson is proceeding pro se, so the matter was referred under this Court's Cincinnati General Order 22-02 to a Magistrate Judge. But because Jackson had paid the filing fee (leading the Magistrate Judge to deny his Motion for Leave to Proceed in forma pauperis as moot (Doc. 8)), his Complaint was not subject to screening under 28 U.S.C. § 1915(e). The Magistrate Judge nonetheless recommends dismissing the case sua sponte, with prejudice, for lack of subject matter jurisdiction, or alternatively, for failure to state a claim. (Doc. 7, #37). The Magistrate Judge bases this recommendation on the Court's ability to dismiss frivolous lawsuits under *Apple v. Glenn*. (*Id.* (citing 183 F.3d 477 (6th Cir. 1999))).

In her recommendation, the Magistrate Judge understands Jackson as "assert[ing] federal and state civil rights claims against defendants and ask[ing] the Court to delete his prior offenses and convictions." (*Id.* at #39). But the Magistrate Judge finds that, even liberally construing his allegations, Jackson fails to state any viable claims. (*Id.*). First, she observes that Jackson "fails to include any supporting

3

factual allegations that would allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged." (*Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 556 (2007))). Indeed, she notes that Jackson makes no mention of any of the defendants beyond naming them in the caption. (*Id.*).

Then, the Magistrate Judge finds that even if Jackson had alleged facts about the defendants, his claims nonetheless fail for two reasons. (*Id.* at #39–40). First, "[t]o the extent that [Jackson] seeks money damages for alleged constitutional violations stemming from his criminal conviction, his § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)." (Doc. 7, #39). *Heck* held that for a plaintiff to "recover damages for allegedly unconstitutional conviction or imprisonment … [that] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. Jackson alleges no such facts related to his conviction or sentence here. (Doc. 7, #40). Second, the Magistrate Judge finds that Jackson's complaint is time-barred. (*Id.*). "A civil rights action under 42 U.S.C. § 1983 is governed by Ohio's two-year statute of limitations applicable to personal injury claims." (*Id.* (collecting cases)). Because Jackson's complaint appears to be based on events that occurred in 2018—i.e., the appeal of the previous Ohio state court case— the Magistrate Judge found he did not bring suit within the requisite two-year period. (*Id.*).

4

Accordingly, the Magistrate Judge recommends the case be dismissed with prejudice for failing to state a claim for relief. (*Id.*). Additionally, under 28 U.S.C. § 1915(a), the Magistrate Judge advises that any appeal of an Order adopting the R&R would not be taken in good faith and therefore recommends denying Jackson leave to appeal in forma pauperis. (*Id.*). And, because the Magistrate Judge recommends the matter be dismissed, she also denied Jackson's Motion for Writ of Execution (Doc. 3) and Motion for Writ of Certiorari (Doc. 4). (Doc. 8, #42).

The R&R advised Jackson that he had 14 days to serve and file specific written objections. (Doc. 7, #41 (citing *Thomas v. Arn*, 474 U.S. 140 (1985))). So, Jackson needed to object by May 13, 2025, which he did, (Doc. 9).

In his Objections, Jackson raises seven issues: (1) his lawsuit is not frivolous because it pertains to civil rights violations; (2) the damages sought are appropriate because defendants have done things that outweigh the things Jackson has done; (3) the statute of limitations is five years and Jackson was released from incarceration on April 20, 2020; (4) he asks to receive the District Court's recommendation, or in the alternative, be placed on the Supreme Court's docket, because the Magistrate Judge may be prejudiced against him; (5) there are issues with his criminal history records; (6) his 2018 case was not heard properly on appeal; and (7) he again asks for his criminal history to be expunged under the DELETE Act. (*Id.* at #45–46).

5

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (quotation omitted). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Jackson is proceeding pro se. A pro se litigant's pleadings should be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading

6

stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted).

For any unobjected portions of an R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

## LAW AND ANALYSIS

The Magistrate Judge recommends sua sponte dismissal with prejudice. By this she means the Court should dismiss the whole case on the merits, such that Jackson could neither (1) seek leave to amend, or (2) file another case advancing these claims. But "[g]enerally, a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple*, 183 F.3d at 479 (emphasis in original) (citing *Benson v. O'Brian,* 179 F.3d 1014, 1017 (6th Cir. 1999)). And here Jackson has paid a filing fee.

So the Court must start with a basic question—can the Court sua sponte dismiss the case without providing Jackson leave to amend despite Jackson having paid? Yes, but only in certain circumstances. As particularly relevant here, even if a plaintiff has paid a filing fee, "a district court may, at any time, sua sponte dismiss a complaint [without leave to amend] for lack of subject matter jurisdiction pursuant

7

to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, *frivolous*, devoid of merit, or no longer open to discussion." *Id.* (emphasis added) (citing *Hagans v. Lavine,* 415 U.S. 528, 536–37 (1974) (collecting cases)); *see also Bardes v. Bush*, No. 23-3272, 2023 WL 9318039, at *2 (6th Cir. Dec. 4, 2023) (noting district court can dismiss without granting leave to amend where a complaint is dismissed under Rule 12(b)(1) for "total implausibility"). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[2] But, because "'a federal court lacking subject-matter jurisdiction is powerless to render a judgment on the merits[,]' … [that] dismissal … ought to be *without* prejudice." *Bardes*, 2023 WL 9318039, at *2 (emphasis added) (quoting *Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018)).

Against that backdrop, the Court largely agrees with the R&R's conclusions, but has some quibbles with the analytical framework. To start, while the Magistrate Judge cited *Apple* as the basis for the sua sponte review, the R&R's analysis instead focuses on whether Jackson "fail[ed] to state a claim for relief." (Doc. 7, #40). But failure to state a claim is the standard that applies to dismissal under Federal Rule of Civil Procedure 12(b)(6), not Rule 12(b)(1), the rule on which *Apple* rests. The Court

---

[2] In *Neitzke v. Williams*, the Supreme Court defined frivolousness while considering in forma pauperis complaints (ones where the plaintiff has not paid a filing fee). 490 U.S. at 325. But the Sixth Circuit has applied *Neitzke*'s formulation of frivolousness in the *Apple v. Glenn* context (i.e., in cases involving fee-paid plaintiffs) numerous times. *See Clark v. United States*, 74 F. App'x 561, 562 (6th Cir. 2003); *Hassink v. Mottl*, 47 F. App'x 753. 754–55 (6th Cir. 2002); *Forbush v. Zaleski*, 20 F. App'x 481, 481–82 (6th Cir. 2001); *Odom v. Martin*, 229 F.3d 1153, 2000 WL 1176883, at *1–2 (6th Cir. 2000) (Table).

8

does not believe that sua sponte dismissal under 12(b)(6) would be appropriate at this stage. *See Bardes v. Bush*, No. 1:22-cv-290, 2023 WL 2364664, at *8 (S.D. Ohio Mar. 6, 2023), *modified on appeal*, 2023 WL 9318039. So, the Court will review the Complaint (Doc. 1) for subject matter jurisdiction and, because Jackson objected to the R&R, (Doc. 9), the Court will conduct that review de novo. It turns out, though, that this difference matters only at the margins—the Court agrees that it should sua sponte dismiss the case but does so for lack of subject-matter jurisdiction, rather than on the merits. And the Court, in contrast to the R&R's recommendation, dismisses without prejudice.

To recap, a court lacks subject matter jurisdiction over claims that are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479. That is an apt description of Jackson's Complaint here. To start, it is factually frivolous. Jackson's central claim—that the United States, Ohio, county prosecutors, and judges conspired to deny him his civil rights—is "fanciful." *Neitzke*, 490 U.S. at 325. And while there admittedly are not many "baseless" facts in the Complaint, *id.* at 327, that is only because the Complaint is largely devoid of any facts at all.

Beyond factual frivolousness, the Complaint is also legally frivolous because it is "based on … indisputably meritless legal theor[ies]." *Id.* at 327. First, as the R&R explains, for Jackson to assert money damages based on a wrongful conviction or imprisonment, he needs to have been *wrongfully* convicted or imprisoned, which he does not allege. (Doc. 7, #39–40); *see Heck*, 512 U.S. at 487. Second, his request that

9

the Court delete his criminal record appears to be based on the DELETE Act, an *unenacted* bill (which does not "delete" criminal records) introduced in Congress. *See supra* note 1. And third, *all Defendants* in this case are legally improper as they have either absolute immunity from Jackson's claims or are not legal entities capable of being sued. *See Jenkins v. Tennessee*, 22 F. App'x. 381, 382 (6th Cir. 2001) (citing *Neitzke*, 490 U.S. at 327–28) ("Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist.").

As to this latter point, the Court addresses each defendant one by one. The United States cannot be sued as "[j]urisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity[.]" *El-Bey v. United States*, No. 1:21-cv-574, 2022 WL 394379, at *4 (S.D. Ohio Feb. 9, 2022) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003), *report and recommendation adopted*, No. 1:21-cv-574, 2022 WL 2835003 (S.D. Ohio July 20, 2022)). Nor can Ohio be sued as "[a]bsent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought." *Id.* (collecting cases). And "the Hamilton County Prosecutor's Office … is [not] a legal entity that is capable of being sued." *Henry v. Allen*, 1:13-cv-701, 2013 WL 9839229, at *4 (S.D Ohio Dec. 20, 2013). Jackson's claims against "The Cincinnati Police law Enforcement Officers" similarly fail as he has not named individual officers and "[a] police department is not a juridical entity subject to suit under Ohio law." *Schaffner*

10

*v. Pell*, No. 2:10-cv-374, 2010 WL 2572777, at *2 (S.D. Ohio June 21, 2010). The claims against the "Appellate Court of Appeals" fail for the same reason. *El-Bey*, 2022 WL 394379, at *5. Finally, "Chief Prosecutors" Joseph Deters and David Stevens enjoy prosecutorial immunity. *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976)) ("Absolute or 'quasi-judicial' immunity derived from common-law immunity accorded to judges has been extended to prosecutors when the prosecutorial activity is 'intimately associated with the judicial phase of the criminal process.'"). So, both forms of relief Jackson seeks are legally barred, and he cannot sue any of the named defendants. His blunderbuss approach of listing ten claims all predicated on the same basic facts (or lack thereof) does not make his suit any less legally frivolous.

In sum, the Court concludes that this is one those "rare[] circumstances" where the Complaint is "totally implausible," warranting sua sponte dismissal under 12(b)(1) for lack of subject matter jurisdiction. *Apple*, 183 F.3d at 480. Moreover, in such circumstances, the Court need not provide Jackson an opportunity to amend, *id.* at 479, so the Court declines to do so here. That said, because the Court dismisses on jurisdictional grounds, the dismissal is without prejudice. *Bardes*, 2023 WL 9318039, *2.

## CONCLUSION

For the reasons above, the Court largely **ADOPTS** the R&R's conclusions but based on different reasoning. (Doc. 7). In short, the Court **OVERRULES** Jackson's Objections (Doc. 9) and **DISMISSES** this matter **WITHOUT PREJUDICE** under

Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Moreover, because the Court lacks subject-matter jurisdiction, the Court **DENIES** all other pending motions as **MOOT**. The Court further **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Opinion and Order would not be made in good faith, and **DENIES** Plaintiff leave to appeal in forma pauperis. Of course, as Plaintiff is not proceeding in this Court in forma pauperis, he retains the right to seek directly from the Sixth Circuit leave to appeal in forma pauperis in that court. Finally, the Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

    **SO ORDERED.**

November 21, 2025
**DATE**

                                       **DOUGLAS R. COLE**
                                       **UNITED STATES DISTRICT JUDGE**